IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GREATER HEIGHTS ACADEMY,** *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | Case No. C2:06-CV-498 |
| v. : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **DR. SUSAN TAVE ZELMAN,** *et al.*, : | |
| : | Magistrate Norah M. King |
| Defendants. : | |
| : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' complaint, which alleges that Defendants violated 42 U.S.C § 1983.  Defendants, Dr. Susan Tave Zelman, Paolo A DeMaria, and Todd L. Hanes (collectively, "Defendants"), urge that Plaintiffs, community schools operating under Chapter 3314 of the Ohio Revised Code, do not state a cognizable claim against them under the Fourteenth Amendment to the United States Constitution.  For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss.

**II.  BACKGROUND**

**A.  Facts**

Plaintiffs, Greater Heights Academy ("Greater Heights") and W.C. Cupe Community School ("W.C. Cupe"), are community schools operating under Chapter 3314 of the Ohio Revised Code.  As community schools, Plaintiffs are authorized to receive state funds, on a per pupil basis, to operate their schools because they educate students who otherwise would attend traditional public schools in Cleveland and Columbus.

Under its funding procedure, the Ohio Department of Education (the "ODE") requires community schools to submit their enrollment data to the ODE using an Internet-based reporting system, whereupon the reported data is used to determine the amount of payment the ODE makes to the community school. The public funds the ODE gives to community schools is money that otherwise would have gone to the traditional public school districts where each community school student resides. Therefore, before the ODE grants those public funds to community schools pursuant to Ohio Revised Code § 3314.08, it provides the affected traditional public school district an opportunity to object to, or "flag," the funding of any particular student if the district claims that the community school has not provided a valid basis to receive the ODE funds for that student.[1] Once a student has been flagged by the public school district, the ODE will not issue payment to the community school for that student unless the flag is subsequently removed by the traditional public school district, or by the ODE after an investigation.[2]

According to Plaintiffs, on May 23, 2006, after Plaintiff Greater Heights had submitted their enrollment data to the ODE, the Cleveland Municipal School District flagged a number of students on Greater Heights' list, resulting in an automatic denial of the ODE's payment of $103,969.07 to Greater Heights for those flagged students. Similarly, the Columbus City School District flagged a number of students on Plaintiff W.C. Cupe's list, resulting in a denial of over $30,000 payment to W.C. Cupe. Both community schools maintain that they need the ODE funds to continue their operations.

---

[1] For example, a public school district may flag a student on a community schools' list when it contends that, *inter alia*, the student actually attended its public schools.

[2] Community schools are not authorized to remove a flag.

2

**B. Procedural History**

Plaintiffs filed a complaint in federal district court (the "Complaint") against Defendants, Dr. Susan Tave Zelman, the Superintendant of Public Instruction for the State of Ohio, Paolo A. DeMaria, the Associate Superintendant for the Center for School finance of the ODE, and Todd L. Hanes, the Executive Director of the ODE's Office of Community Schools, acting in their official capacities. The Complaint alleges a violation of 42 U.S.C. § 1983. In particular, Plaintiffs claim that the ODE's funding procedure deprives them of procedural due process under the Fourteenth Amendment to the United States Constitution.

In their Motion to Dismiss, Defendants argue that Plaintiffs are precluded from alleging a Fourteenth Amendment claim against the State of Ohio. Plaintiffs filed a Memorandum Contra, and Defendants filed a Reply Memorandum. This matter now is ripe for decision.

### III. STANDARD OF REVIEW

Defendants mistakenly characterize their Motion to Dismiss as one pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which challenges Plaintiffs' standing to bring their claims. The Court finds that Defendants' Motion should be analyzed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it challenges the sufficiency of Plaintiffs' allegations. *See South Macomb Disposal Auth. v. Township of Washington*, 790 F.2d 500, 502 n.7 (6th Cir. 1986) ("Whether a plaintiff is a 'person' within the meaning of section 1983 is a separate question from whether that plaintiff has standing to raise the claims alleged in its complaint."). Thus, this Court will discuss Defendant's Motion under the standard of review used in Rule 12(b)(6) motions.

A motion to dismiss under Rule 12(b)(6) is designed to test "whether a cognizable claim

has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988). In considering such a motion, the Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983). Dismissal under Rule 12(b)(6) streamlines litigation by "dispensing with needless discovery and fact-finding" on claims that are legally untenable in the first place. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

All factual allegations made by a plaintiff are deemed admitted and ambiguous allegations must be construed in his favor. *Murphy v. Sofamor Danek Gp., Inc.,* 123 F.3d 394, 400 (6th Cir. 1997). A complaint should not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (quoting *Conley*, 355 U.S. at 47).

### IV.  ANALYSIS

To state a cause of action under section 1983, "a plaintiff must allege a 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *South Macomb*, 790 F.2d at 503 (quoting 42 U.S.C. § 1983). Plaintiffs sole allegation here is that Defendants' procedure for funding Ohio community schools violates their right to federal procedural due process, secured by the Fourteenth Amendment to the United States Constitution. Before this

Court can address the merits of Plaintiffs' claim, however, it must determine whether Plaintiffs are entitled to file suit against the State of Ohio or its officials under the Fourteenth Amendment.

Under well-settled Supreme Court precedent, a political subdivision may not allege a violation of the Fourteenth Amendment against its own state. *See, e.g, City of Trenton v. New Jersey*, 262 U.S. 182 (1923); *City of Newark v. New Jersey*, 262 U.S. 192 (1923). In *City of Trenton*, the Court held that "in the absence of state constitutional provisions safeguarding it to them, [political subdivisions] have no inherent right of self-government which is beyond the legislative control of the state." 262 U.S. at 187. In *City of Newark*, the Supreme Court held that "[the] regulation of [political subdivisions] is a matter peculiarly within the domain of the state" and that a political subdivision "cannot invoke the protection of the Fourteenth Amendment against the state." 262 U.S. at 196. The Sixth Circuit Court of Appeals, in *South Macomb*, explained that "the Fourteenth Amendment simply does not prescribe guidelines and impose restrictions upon one political subdivision vis-a-vis another political subdivision. The relationship between the entities is a matter of state concern; the Fourteenth Amendment protections and limitations do not apply." 790 F.2d at 505.

As such, this court must resolve the issue of whether Plaintiffs, as community schools, constitute political subdivisions of Ohio. If they are political subdivisions, Plaintiffs are precluded from seeking protection under the Fourteenth Amendment against the State of Ohio or its officials, and Plaintiffs' claim in this case must be dismissed for failure to state a cognizable claim. *See id*.

When federal circuit courts determine whether an entity qualifies as a political subdivision of a state, they look to the controlling state law. *See South Macomb*, 790 F.2d at 500

n.1 (finding that an entity was a political subdivision of the state under Michigan law); *see also Delta Special Sch. Dist. No. 5 v. State Bd. of Educ.*, 745 F.2d 532, 533 (8th Cir. 1984) (finding that a school district is a political subdivision of the state under Arkansas law). A court may look to a state's sovereign immunity statute to decide whether an entity is a political subdivision of that state. *See Delta Special Sch. Dist. No. 5*, 745 F.2d at 533.

In Ohio, the state statute classifies community schools as political subdivisions that are subject to sovereign immunity. *See* OHIO REV. CODE § 2744.01(F). Section 2744.02(A)(1) of the Ohio Revised Code provides:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

OHIO REV. CODE § 2744.02(A)(1). The statute defines the term "political subdivision" as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." OHIO REV. CODE § 2744.01(F). The statutory definition of political subdivision also expressly includes, *inter alia*, "community school[s] established under Chapter 3314 of the Revised Code." *Id*.

The preceding language indicates that, under Ohio law, Plaintiffs indeed qualify as political subdivisions of the State of Ohio. Accordingly, it follows that Plaintiffs cannot state a cognizable claim against the State of Ohio or its officials under the Fourteenth Amendment in federal court. *See South Macomb*, 790 F.2d at 505. Therefore, the Complaint must be dismissed

for failure to state a claim upon which relief can be granted.

## V.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the Complaint is hereby **GRANTED**.

**IT IS SO ORDERED.**

                                                    /s/Algenon L. Marbley  
                                                    **ALGENON L. MARBLEY, JUDGE**  
                                                    **United States District Court**

**DATE: July 28, 2006**